**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

INOVA INTERNATIONAL LLC,

    Plaintiff,

v.

NIKKI TSAI

    Defendant,

Civil Action No. 2:23-cv-518

**COMPLAINT**

Plaintiff, INOVA INTERNATIONAL LLC ("Inova"), sues Defendant, NIKKI TSAI (collectively, "Tsai" of "Defendant") and alleges the following:

### PARTIES, JURISDICTION AND VENUE

1.    This is an action for damages for breach of contracts and violations of Fla. Stat. § 713.346. The amount in controversy exceeds $30,000.00, exclusive of interest, costs and attorneys' fees.

2.    Plaintiff Inova International, LLC is a Florida limited liability company with its principal place of business in Florida. Inova's members are citizens of Florida.

3.    Defendant Nikki Tsai is an individual and resides in the State of Hawaii. Tsai entered into an Independent Sales Consultant Agreement dated July 3, 2023 with Florida companies, including Inova, whereby Tsai consented to jurisdiction and venue in the state of Florida.

4. Pursuant to 28 U.S.C. § 1332, this Court has subject-matter jurisdiction of the action, as the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant consented to venue in Florida and Defendant's action caused injury to a Collier County, Florida company.

## GENERAL ALLEGATIONS

6. On or about July 3, 2021, Tsai entered an Independent Sales Consult Agreement with Vibrant Films LLC, a Florida company, whereby Inova was a signatory to the Agreement ("Agreement").

7. The Agreement provided that Inova was a "Refence Client." Under the Agreement, Tsai was to assist Vibrant Films in developing and cultivating new client relationships for Inova's remote health monitoring business.

8. Inova sent Tsai demo equipment and inventory for Tsai to use when she was promoting Inova's remote health monitoring services.

9. The inventory and equipment provided to Tsai included the following:

| **Device Name** | **Count** |
| --- | --- |
| Jumper Blood Pressure | 104 |
| Medcheck Blood Pressure | 27 |
| Oximeter | 219 |
| Tablet | 55 |
| Thermometer | 60 |
| Set (BP and Oximeter) | 31 |
| Smart Watch | 1 |
| Smart Wrist Pulse Oximeter | 1 |
| Simcuff | 201 |
| TM Flow | 2 |

Wavi                                         1

10. Tsai made several introductions and secured letters of intent with doctors to use Inova's remote health monitoring services.

11. Tsai was compensated for her services per the terms of the Agreement.

12. In the Fall of 2022, Inova began experiencing high rates of accounts receivable, particularly in the Hawaii market.

13. Inova's clients who were receiving Inova's remote health monitoring services where not paying their invoices.

14. On or about May 4, 2023, Inova's head of Healthcare Operations learned from a client of Inova, that for several months, Tsai had been collecting payments from clients that were due and owed to Inova, falsely representing that she had a right to collect the payments on behalf of Inova.

15. On information and belief, Tsai took the funds and converted them to her own use.

16. Inova also discovered that Tsai had instructed several of Inova's clients to withhold payment to Inova or direct payment otherwise due and owed to Inova, to Tsai instead.

17. On or about May 10, 2023, Inova sent a cease and desist letter to Tsai demanding that she: (1) cease communication with Inova's customers, (2) return all funds she obtained from Inova's customers under false pretenses, and; (3) return all of Inova's inventory and equipment. Tsai did not officially respond other than a few email exchanges

with one of Inova's employees regarding equipment, nor did she return the funds, inventory or equipment.

19. Instead, on or about July 5, 2023, Tsai sent emails to Inova's customers falsely claiming that she obtained a "court order" against Inova and that the customers should withhold all payments to Inova as those amounts should be paid to her.

19. As of the filing of this Complaint, Inova has $143,960.00 in outstanding accounts receivable from the clients which Tsai introduced to Inova and which, upon information and belief, Tsai has instructed those customers to withhold payment or pay her directly.

20. Inova retained the undersigned counsel to enforce its rights and to prosecute this action, and is obligated to pay reasonable attorneys' fees, which fees are potentially recoverable from Tsai per the Agreement and under Florida law.

## COUNT I – BREACH OF CONTRACT

21. Inova re-alleges paragraphs 1 through 19 herein.

22. Inova and Tsai entered into the Agreement.

23. Tsai breached the Agreement by: (1) misusing Inova's confidential information about each customer; (2) intercepting payments from customers that were due and owed to Inova; (3) interfering with and soliciting Inova customers with the intent of "taking away business" from Inova.

24. Inova has been financially injured and has been damaged as a result of Tsai's breach of the Agreement.

**WHEREFORE,** Inova demands judgment against Tsai for damages that are the proximate cause of Tsai's breach of the Agreement, including attorneys' fees and costs, and all other amounts recoverable from Tsai under the Agreement.

## COUNT II – CONVERSION

25. Inova re-alleges paragraphs 1 through 23 herein.

26. Inova had a right to and ownership the inventory and equipment which Inova allowed Tsai to use in marketing Inova's services to potential clients.

27. Tsai wrongfully asserted dominion and control of the inventory and equipment by failing to return the equipment to Inova when demanded.

28. Inova has been financially injured and has been damaged as a result of Tsai's retention and conversion of its property.

**WHEREFORE,** Inova demands judgment against Tsai for conversion of Inova's property and seeks damages equal to the amount of the inventory and equipment.

## COUNT III – TORTIOUS INTERFERENCE WITH A CONTRACT OR BUSINESS RELATIONSHIP

29. Inova re-alleges paragraphs 1 through 27 herein.

30. Inova had business relationships with clinics whereby Inova provided remote health care screening for the clinic's patients.

31. Tsai had knowledge of these relationships given the consulting work she performed under the Agreement.

32. Tsai intentionally interfered with those relationships by: (1) willfully and wrongfully instructing the clinics to pay her directly for amounts due and owed to Inova;

(2) instructing the clinics to withhold payments to Inova claiming that Inova owed her money; (3) fraudulently stating to Inova's customers that she obtained a "court order" from a court in Hawaii and that the customers should not pay Inova until "final judgment."

33. As a direct and proximate result of Tsai's intentional interference, Inova's customers have withheld payment to Inova.

34. Inova has been financially injured and has been damaged as a result of Tsai's intentional and wrongful actions.

**WHEREFORE,** Inova demands judgment against Tsai for damages sustained a direct and proximate result of Tsai's intentional interference with its business relationship and for all other amounts recoverable under the law.

### COUNT IV – VIOLATION OF FLA. STAT. § 772.11
### CIVIL THEFT

35. Inova re-alleges paragraphs 1 through 33 herein.

36. Tsai had knowledge that Inova's customers owed Inova money for the remote health care monitoring services Inova had performed.

37. Tsai knowingly intercepted payments from customers that were due and owed to Inova.

38. As further described above, Tsai knowingly obtained Inova's money by fraud, willful misrepresentation , false pretenses, fraud, deception and with the intent to deprive Inova of the right to the funds.

39. Inova has been financially injured and has been damaged as a result of Tsai's intentional and wrongful actions in violation of § 812.014, Fla. Stat.

**WHEREFORE,** Inova demands judgment against Tsai for damages sustained a direct and proximate result of Tsai's civil theft of property and treble damages in the amount three times actual damages, attorneys fees and court costs and for all other amounts recoverable under the law.

Dated: July 13, 2023.

                                                    Respectfully submitted,

                                                    /s/ *Drew P. O'Malley*
                                                  Drew P. O'Malley
                                                  Florida Bar No. 106551
                                                  Spencer Fane LLP
                                                  201 North Franklin Street, Suite 2150
                                                  Tampa, Florida 33602
                                                  Phone:  813-424-3500
                                                  Facsimile:  813-405-8904
                                                  domalley@spencerfane.com
                                                  ecoutu@spencerfane.com
                                                  *Attorneys for Plaintiff*