UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

INOVA INTERNATIONAL LLC,

    Plaintiff,

v.                                                                    Case No. 2:23-cv-518-JES-NPM

NIKKI TSAI,

    Defendant.
-----------------------------------------/

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT
AFTER DEFAULT**

Plaintiff, Inova International, LLC ("Plaintiff"), by counsel and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 1.10(c), hereby by moved for entry of a final judgment against Defendant Nikki Tsai ("Defendant"). In support, Plaintiff states as follows:

1. Plaintiff filed its Complaint against Defendant Nikki Tsai alleging breach of contract, conversion, tortious interference with a business relationship and civil theft. [See, Doc. 1- Complaint].

2. Counsel for Plaintiff had been contacted by an attorney representing Defendant in Hawaii. As such, Counsel for Plaintiff emailed a copy of the Complaint to Defendant's attorney seeking a waiver of service from Defendant.

3. On July 28, 2023, Defendant was served with the Summons and Complaint at her residence [See, Doc. 7- Affidavit of Service].

4. Pursuant to Rule 12 (a), Defendant's response was due 21 days after being served which was August 18, 2023.

5. Defendant, however, failed to plead, answer, or otherwise respond.

6. On September 18, 2023, the Clerk of the Court entered a default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 1.10(b). [See, Doc. 9- Entry of Default]

7. Entry of a default operates as an admission of all well-pleaded allegations in a complaint and an acquiescence to the final prayer for relief. *Williams v. Williams*, 227 So. 2d 746, 748 (Fla. 2d DCA 1969).

8. Defendant is thus deemed to have admitted the well-pleaded allegations in Plaintiff's Complaint, including:

   a. On or about July 3, 2021, Tsai entered an Independent Sales Consult Agreement with Vibrant Films LLC, a Florida company, whereby Inova was a signatory to the Agreement.

   b. The Agreement provided that Inova was a "Refence Client." Under the Agreement, Tsai was to assist Vibrant Films in developing and cultivating new client relationships for Inova's remote health monitoring business.

c. Inova sent Tsai demo equipment and inventory for Tsai to use when she was promoting Inova's remote health monitoring services.

d. Tsai made several introductions and secured letters of intent with doctors to use Inova's remote health monitoring services and was compensated for her services.

e. In the Fall of 2022, Inova began experiencing high rates of accounts receivable, particularly in the Hawaii market.

f. Inova's clients who were receiving Inova's remote health monitoring services where not paying their invoices.

g. Tsai had been collecting payments from clients that were due and owed to Inova, falsely representing that she had a right to collect the payments on behalf of Inova.

h. Tsai had also instructed several of Inova's clients to withhold payment to Inova.

i. On or about May 10, 2023, Inova sent a cease and desist letter to Tsai demanding that she: (1) cease communication with Inova's customers, (2) return all funds she obtained from Inova's customers under false pretenses, and; (3) return all of Inova's inventory and equipment.

  j. Tsai did not return the equipment and inventory nor did she return the payments she had collected from Inova's customers.

  k. On or about July 5, 2023, Tsai sent emails to Inova's customers falsely claiming that she obtained a "court order" against Inova and that the customers should withhold all payments to Inova as those amounts should be paid to her.

9. The elements of a breach of contract claim are: (1) a valid contract, (2) a material breach, and (3) damages. *Ferguson Enterprises, Inc. v. Astro Air Conditioning & Heating, Inc.*, 137 So. 3d 613, 615 (Fla. 2d DCA 2014).

10. In its Complaint, Plaintiff alleges: (1) the existence of a contract between Plaintiff and Defendant; (2) that Defendant breached the contract by misusing Defendants' confidential information about each customer and interfering with and soliciting Inova customers, and (3) that Plaintiff has been damaged by misusing Defendants' confidential information about each customer and interfering with and soliciting Inova customers. Doc-1, ¶¶ 12-16. Plaintiff has therefore established a claim for breach of contract against Defendant.

11. The elements for conversion are: "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." *Special Purpose v. Prime One*, 125 F.Supp.2d 1093, 1099-1100 (S.D. Fla. 2000) (citing *Warshall v. Price*, 629 So.2d 903, 904 (Fla. 1993).

12. In its Complaint, Plaintiff alleges: (1) Defendant has retained dominion and control of Plaintiff's equipment and inventory that was sent to Defendant for use while Defendant performed services for Plaintiff; (2) Defendant has retained possession of Plaintiff's equipment and inventory after Inova demanded its return; and (3) Defendant has retained possession and dominion over the equipment and inventory in a manner inconsistent with Plaintiff's rights. Doc-1. ¶¶ 14-20. Plaintiff has therefore established a claim for conversion against Defendant.

13. The elements of tortious interference with a business relationship are: (1) the existence of a business relationship between plaintiff and a third-party; (2) the defendant's knowledge of the relationship; (3) defendant's intentional interference with the relationship; and, (4) damages. *Hodges v. Buzzeo*, 193 F.Supp. 2d 1279 (M.D. Fla. 2002).

14. In its Complaint, Plaintiff alleges: (1) Plaintiff has business relationship with various doctors in Hawaii; (2) Defendant had knowledge of the business relationships as Plaintiff contracted with Plaintiff to facilitate the establishment of those business relationships; (3) Defendant intentionally interfered with those relationships by falsely claiming to have a court order and instructing the doctors to withhold payment to Plaintiff; and (4) Defendant has been damaged in that those doctors have not paid Plaintiff as they were required.

5

Doc-1. ¶¶ 29-34. Plaintiff has, therefore, established a claim for tortious interference with a business relationship.

15. Florida's Civil Theft Statute, Fla. Stat. § 772.11, provides that a person who knowingly obtains money that belongs to another by fraud, willful misrepresentation, false pretenses, deception is in violation of the law and entitled to attorneys' fees and costs, among other damages.

16. In its Complaint, Plaintiff alleges that Defendant intercepted monies belonging to Inova by misrepresenting to customers that she was due and owed the monies. Doc-1. ¶¶ 35-39. Plaintiff has, therefore, established a violation of Florida's Civil Theft Statute.

17. As set forth in the Complaint and in the Declaration of John LeBouef's filed in support of this motion, the total amount of Plaintiff's damages arising from Defendant' breach of contract, conversion, tortious interference and violation of Florida's Civil Theft Statute, is $276,408.00.

18. As set forth in the Complaint and in the Declaration of Patrick J. McAndrews filed in support of this motion, the total amount of reasonable attorney's fees and costs Plaintiff has incurred in prosecuting this action damages is $28,043.00.

Dated: October 31, 2023    Respectfully submitted,

*/s/ Drew P. O'Malley*
Drew P. O'Malley, Fla. Bar No. 106551
SPENCER FANE LLP
201 North Franklin Street, Suite 2150
Tampa, Fla. 33602
Tel.: (814) 424-3500
domalley@spencerfane.com
ecoutu@spencerfane.com
Attorneys for Plaintiff,
Inova International LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 31st day of October, 2023, a true copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system and served on all parties/counsel of record via transmission of Notices of Electronic Filing, and that Pro Se Plaintiff, Nikki Tsai, was served by U.S. Mail, postage prepaid, as follows:

Nikki Tsai
1521 Arteian Way
Honolulu, HI 96822
*Pro se Plaintiff*

/s/ *Drew P. O'Malley*
*Attorney*