UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

INOVA INTERNATIONAL LLC,

    Plaintiff,

v.                  Case No: 2:23-cv-518-JES-NPM

NIKKI TSAI,

    Defendant.

_____

**OOPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Entry of Final Judgment After Default (Doc. #11) filed on October 31, 2023. No response has been filed and the time to respond has expired.

**I.**

The Court has a *sua sponte* obligation to identify and dismiss a shotgun pleading. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases); Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001). "The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321

(11th Cir. 2015).  The incorporation of all prior paragraphs in Counts II, III, and IV is improper.[1]  Accordingly, paragraphs 25, 29, and 35 will be deemed to incorporate only paragraphs 1 through 19.

## II.

"The mere entry of a default by the clerk does not in itself warrant the entry of default by the Court.  Rather the Court must find that there is sufficient basis in the pleadings for the judgment to be entered."  GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (citing Nishimatsu Construction v. Houston National Bank, 515 F. 2d 1200, 1206 (5th Cir. 1975)).  A complaint must state a claim in order for default judgment to be granted.  Id.

On July 13, 2023, Inova International LLC (plaintiff or Inova) filed a four-count Complaint against Nikki Tsai (defendant) alleging a breach of contract, conversion, tortious interference with a contract or business relationship, and civil theft under Fla. Stat. § 772.11.  A Summons (Doc. #4) was issued, and a Return of Service (Doc. #7) was filed indicating service was executed on an unnamed co-resident over 15 years of age at defendant's

---

[1] Count II incorporates paragraphs 1 through 23, Count III incorporates paragraphs 1 through 27, and Count IV incorporates paragraphs 1 through 33.  (Doc. #1, ¶¶ 21, 25, 29, 35.)

residence in Honolulu, Hawaii. On September 18, 2023, a Clerk's Entry of Default (Doc. #9) was issued against defendant. Therefore, all prerequisites have been met for a default judgment. Fed. R. Civ. P. 55(a).

According to the Complaint, on or about July 3, 2021, defendant Tsai entered into an Independent Sales Consult Agreement with Vibrant Films LLC, a Florida company, and Plaintiff Inova was a signatory. (Doc. #1, ¶ 6.) Inova sent defendant demo equipment and inventory to use when promoting plaintiff's remote health monitoring services. Defendant secured letters of intent with doctors to use plaintiff's services and defendant was compensated for her services. Inova began experiencing high rates of accounts receivable, but plaintiff's clients were not paying their invoices. On or about May 4, 2023, Inova's head of Healthcare Operations learned from a client that defendant had been collecting payments that were due and owed to Inova and falsely representing that she had the right to collect the payments on behalf of plaintiff. Instead, defendant took the funds and converted them for her own use and instructed several clients to pay her directly. On or about May 10, 2023, plaintiff sent a cease-and-desist letter. Defendant did not officially respond, did not return the funds, and did not return the inventory and equipment. On or about July 5, 2023, defendant sent emails to Inova and plaintiff's customers

claiming to have a court order against plaintiff and directing that they should withhold all payments to Inova and pay her. As of July 2023, plaintiff had $143,960 in outstanding accounts receivable from clients. John LeBoeuf, CEO of Inova, submitted a Declaration (Doc. #12) reiterating the allegations in the Complaint and noting $132,448.00 worth of inventory and equipment has not been returned. Patrick McAndrews, Esq., counsel for Inova overseeing invoicing and billing also filed a Declaration (Doc. #13). Mr. McAndrews outlines the attorney's fees through September 30, 2023, and the costs incurred, and represents that defendant's counsel in Hawaii was notified of the default.

Plaintiff argues that the breach of contract is the misuse of confidential information about each customer and interfering with and soliciting Inova customers. (Doc. #11, ¶ 10.) The Court may consider documents outside of the Complaint if the document is central to the plaintiff's claim and its authenticity is undisputed. E.g., Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). Here, the Agreement and the cease-and-desist letter referenced in the Complaint are central to the claims, and their authenticity has not been disputed.

The Complaint alleges that defendant breached the Agreement by "(1) misusing Inova's confidential information about each customer; (2) intercepting payments from customers that were due

and owed to Inova; [and] (3) interfering with and soliciting Inova customers with the intent of 'taking away business' from Inova." (Doc. #1, ¶ 23.)  The Inova Independent Sales Consultant Agreement (Doc. #12-1) attached to the Declaration of John LeBoeuf (Doc. #12) addresses the disclosure of confidential information in paragraph 14 of the Agreement and the solicitation of customers to compete against Inova in paragraph 19 of the Agreement.  (Doc. #12-1.)  Also attached to the Declaration is the cease-and-desist letter which states that defendant was continuing to use Inova's equipment and platform to form her own competing company, and that she was communicating with Inova clients she worked with as a consultant with "authority" to collect payments.  (Doc. #12-2, pp. 1-2.)  The Court finds that plaintiff has sufficiently stated a claim for breach of the Agreement in Count I.

The Court also agrees that plaintiff is entitled to a default judgment on Count II for conversion since defendant has retained dominion and control over plaintiff's equipment and inventory provided after a demand was made for their return.  (Doc. #11, ¶ 12.)  The Court further agrees that plaintiff is entitled to a default judgment on Count III since defendant was contracted to facilitate business relationships with doctors in Hawaii and she intentionally interfered with plaintiff's clients by instructing

them to withhold payment when it was required causing damages to Inova. (Id. at ¶ 14.)

In Count IV, plaintiff seeks damages for civil theft.

> A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
>
> (a) Deprive the other person of a right to the property or a benefit from the property.
>
> (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Fla. Stat. § 812.014(1). A person who "proves by clear and convincing evidence that he or she has been injured" by the theft, "has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts." Fla. Stat. § 772.11(1). Plaintiff must have made a written demand for $200 or the treble damages. Id. The cease-and-desist letter made the following demands:

> - Immediately cease collecting payments from providers and immediately turn over any payments you have already received. Any payments collected must be mailed to Inova at Inova Care, 7853 Gunn Highway, Unit 246, Tampa, Florida 33626-1611;
>
> - Refrain from communication, either directly or indirectly, with any Inova provider or

>    client which you worked with while performing services for Inova;
>
>    - Cease any steps taken to step up a business to compete with Inova;
>
>    - Stop all unauthorized use of the Inova's intellectual property and equipment; and
>
>    - Return all equipment provided by Inova to the following address: Inova Care, 7853 Gunn Highway, Unit 246, Tampa, Florida 33626-1611 unless otherwise agreed to by the Parties in writing.

(Doc. #12-2, p. 3.)  The Court finds that plaintiff is entitled to a default judgment as to this count, including attorney fees and costs.

Having reviewed the allegations in the Complaint, the Court finds that plaintiff is entitled to a default judgment on Counts I through IV.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Entry of Final Judgment After Default (Doc. #11) is **GRANTED.**

2. Plaintiff is entitled to damages against defendant arising from the breach of contract, conversion, tortious interference, and civil theft in the amount of $276,408.00, plus attorney's fees and costs under Count IV in the amount of $28,043.00.

3. The Clerk shall enter judgment in favor of plaintiff on all counts (Counts I through IV), terminate all pending motions and deadlines, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___15th___ day of November 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record